UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN ALLEN MURPHY,

               Plaintiff,

v.

PAUL PASTOR,

               Defendants.

Case No. C19-6146 RJB-TLF

REPORT AND RECOMMENDATION

Noted for February 28, 2020

This matter comes before the Court on plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 10. Plaintiff seeks an order directing defendants to provide plaintiff an examination from an optometrist and medically necessary prescription glasses. *Id*. For the reasons set forth below, the Court recommends that plaintiff's motion should be denied.

## FACTS

Plaintiff filed this *pro se* civil rights action alleging that defendants have refused, and continue to refuse, to provide plaintiff with medically necessary prescription glasses. Dkt. 4. Plaintiff alleges that he is a pretrial detainee at Pierce County Jail. *Id*. Plaintiff alleges that he has requested prescription glasses and that defendants did not provide him the requested glasses. *Id* at ¶¶ 1-2. Plaintiff alleges that he has filed subsequent kites and grievances requesting glasses, and all the requests have been

REPORT AND RECOMMENDATION - 1

denied. *Id.* at ¶¶ 3-7.  Plaintiff states that he was informed that Pierce County Jail does not provide prescription glasses. *Id.* at ¶ 8.

In his motion, plaintiff states that he has worn prescription glasses since he was 19 years old. Dkt. 10 at 2, ¶ 4. Plaintiff alleges that defendants have provided other pretrial detainees at Pierce County Jail prescription glasses. *Id.* at ¶ 5. Finally, plaintiff states that defendants continue to refuse to provide plaintiff with an examination from an optometrist and prescription glasses. *Id.* at 2, ¶¶ 6, 7.

## DISCUSSION

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33, 13 L.Ed. 25, 9 How. 10 [1850]); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

To obtain a preliminary injunction[1], a party must demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; (4) an injunction is in the public interest. *Id.* at 20. The moving party must make a showing on all four factors in order to obtain a preliminary injunction. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (citing to *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Alternatively, in the Ninth Circuit, "a

---

[1] Temporary restraining orders are governed by the same standard as preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 829 n. 7 (9th Cir. 2001).

REPORT AND RECOMMENDATION - 2

plaintiff may also obtain a preliminary injunction by showing 'serious questions go[] to the merits' of its claims and a balance of hardships that tips "sharply" towards the plaintiff, so long as it makes a showing on the other two factors." *A Woman's Friend*, 901 F.3d at 1167 (quoting *Alliance*, 632 F.3d at 1135). However, a plaintiff may not obtain an injunction merely because an irreparable injury is possible, the plaintiff must show that the irreparable injury is likely in the absence of preliminary relief. *Am. Trucking Association, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Plaintiff's claim falls within the scope of the Fourteenth Amendment conditions of confinement cause of action regarding health care for jail detainees. *See generally, Shorter v. Baca,* 895 F.3d 1176, 1190-91 (9th Cir. 2018) (jury instructions needed to include the elements of a medical claim under the Fourteenth Amendment due process clause); *Gordon v. County of Orange,* 888 F.3d 1118, 1124-25 (9th Cir. 2018), *cert. denied,* 139 S.Ct. 794 (2019) (explaining the elements of a pretrial detainee's Section 1983 medical claim regarding conditions of confinement under the Fourteenth Amendment due process clause). To show that there is a likelihood of success on the merits, plaintiff would need to make a showing that:

(i)   The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
(ii)  those conditions put the plaintiff at substantial risk of suffering serious harm;
(iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and
(iv)  by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon,* at 1125.

1  Plaintiff would need to show that the defendant acted in a way that was
2  objectively unreasonable. *Id.* And, plaintiff would need to meet the elements of proof as
3  to his theory of the case on municipal liability. *See* Ninth Circuit Pattern Jury Instructions
4  9.5, 9.6, 9.7, 9.8.

5  Plaintiff has not established serious questions on the merits, or that the balance
6  of hardships tip toward his position; nor has he shown that he will suffer irreparable
7  injury in the absence of preliminary relief. *A Woman's Friend*, 901 F.3d at 1167 (quoting
8  *Alliance*, 632 F.3d at 1135). Plaintiff's complaint states that on three different occasions
9  between November 2, 2019 and November 8, 2019 plaintiff requested prescription
10 eyeglasses and defendants denied these requests. Dkt. 4. Plaintiff alleges that he was
11 later told that Pierce County Jail does not provide prescription glasses. *Id.* Plaintiff's
12 motion reiterates these claims, adding that Pierce County Jail has provided two other
13 inmates prescription glasses. Dkt. 10.

14 Although the Court construes the pro se complaint liberally, plaintiff's complaint
15 and motion do not include facts that would suggest serious irreparable harm.
16 Additionally, plaintiff has not demonstrated the likelihood of such harm absent the relief
17 sought. Further, plaintiff's allegations, without more, do not demonstrate that he will
18 likely succeed on the merits of this action or that there are serious questions going to
19 the merits of his claims. He fails to show a likelihood of success on the merits as to the
20 elements of any theory of municipal liability, and he fails to show a likelihood of success
21 on the merits concerning serious harm or that the defendant(s) acted in an objectively
22 unreasonable manner. Sub-optimal eyesight varies in degree, and a conclusory

allegation of needing eyeglasses in and of itself does not suggest a likelihood of success on the merits of the due process claim under the Fourteenth Amendment.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. See 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

While the Court was not persuaded on the merits of plaintiff's motion, there is no evidence that his appeal is frivolous or is taken in bad faith. Accordingly, the Court recommends that *in forma pauperis* status should continue in the event that plaintiff appeals.

## CONCLUSION

Based on the foregoing, the Court recommends that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 10) should be **DENIED**.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a

REPORT AND RECOMMENDATION - 5

response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on **February 28, 2020**, as noted in the caption.

Dated this 31st day of January, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6